Robert CRAIG, Jr., an individual, Plaintiff—Appellant,

v.

MOHAVE COUNTY, a body politic of the state of Arizona, Defendant—Appellee,

and

Mohave County Jail; et al., Defendants.

No. 03–16663.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2005.

Decided March 2, 2005.

Keith M. Knowlton, Esq., Keith M. Knowlton LLC, Mesa, AZ, for Plaintiff-Appellant.

Tod F. Schleier, Esq., James M. Jellison, Esq., Schleier Jellison & Schleier, Phoenix, AZ, for Defendant-Appellee and Defendants.

Before: ALARCÓN, SILER * and SILVERMAN, Circuit Judges.

MEMORANDUM **

Arizona state prisoner Robert Craig, Jr. appeals from the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging a violation of the Fourteenth Amendment, false imprisonment, and negligence. We have juris-

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

diction pursuant to 28 U.S.C. § 1291. We review de novo the district court's granting of summary judgment. *United States v. Tacoma,* 332 F.3d 574, 578 (9th Cir.2003). We affirm.

Mr. Craig was arrested on a Friday, pursuant to a grand jury indictment which he does not challenge and not brought before a judge until the following Monday, in violation of Arizona Rule of Criminal Procedure 4.1(a).

Before the district court, Mr. Craig specifically argued that the liberty interest at stake was his right to be seen by a judicial officer within twenty-four hours. On appeal, Mr. Craig makes a different argument—that the liberty interest at issue is his right to be free from incarceration. Because the issue of freedom from incarceration was either abandoned or not pursued before the district court, it is not properly before us. *See Alaska Airlines, Inc. v. United Airlines, Inc.,* 948 F.2d 536, 546 n. 15 (9th Cir.1991) ("It is well established that an appellate court will not reverse a district court on the basis of a theory that was not raised below."); *USA Petroleum Co. v. Atlantic Richfield,* 13 F.3d 1276, 1284 (9th Cir.1994) ("It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, *legal or factual,* why summary judgment should not be entered. If it does not do so, and loses the motion, it cannot raise such reasons on appeal.") (citations omitted) (emphasis added).

AFFIRMED.